UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - -

UNITED STATES OF AMERICA,

     Plaintiff,       No. 1:15-CR-198

 v.            Hon. Robert Holmes Bell
              United States District Judge

ERNEST RAFAEL ARIAS,

     Defendant.
_____/

## PLEA AGREEMENT

This constitutes the Plea Agreement (the "Agreement") between Defendant Ernest Arias (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan (the "U.S. Attorney's Office" or the "Government"). The terms of the Agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count One of the Indictment, which charges him with conspiracy to manufacture 50 or more marijuana plants, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).

2. <u>Defendant Understands the Crime</u>. For Defendant to be guilty of violating Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), as charged in the Indictment, the Government would be required to prove that, in Allegan County, Michigan and elsewhere, during or about the period of time set forth in the Indictment: (1) two or more persons conspired, or agreed, to violate the drug laws by manufacturing a controlled substance; (2) Defendant knowingly and voluntarily joined the conspiracy, knowing its purposes and intending to help advance or achieve its goals; and (3) the conspiracy involved 50 or more marijuana plants, a

1



Schedule I controlled substance.   Defendant is pleading guilty because he is guilty of the charge described above.

3.    <u>Defendant Understands the Penalties</u>.  The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C), is twenty (20) years in prison; a period of supervised release of no less than three (3) years and up to life; a fine of $1,000,000; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless he affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Defendant Understands Supervised Release</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

5.    <u>Defendant Agrees to Cooperate</u>.  Defendant agrees to cooperate with the Drug Enforcement Administration; the Michigan State Police; the U.S. Attorney's Office for the Western District of Michigan, and any other law enforcement agency in their investigation of the crimes alleged in this case, as well as the investigation of crimes over which they have actual or apparent jurisdiction.  Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including but not limited to providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not

limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

6.    The Promises of the United States Attorney's Office.

A.    Dismissal of Other Counts/Charges. The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Indictment at or before the time of sentencing.

B.    On Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Guidelines, provided Defendant qualifies under the Guidelines. If the Court finds Defendant's adjusted offense level is sixteen or greater and awards Defendant this two-level reduction, the Government will move the Court to grant an additional one-level reduction because Defendant accepted responsibility sufficiently early in the case for the Government to avoid preparing for trial.

C.    Section 1B1.8 Protection for Proffered/Cooperative Statements. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer interview(s) will not be used by the Government to enhance Defendant's sentence, in accordance with Guidelines Section 1B1.8. It is expressly understood, however, that such information may

3

be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant during his proffer interview(s).

7.     Possibility of Sentence Reduction Motions.   The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Guidelines Section 5K1.1, and/or Rule 35(b) of the Federal Rules of Criminal Procedure.  Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others.  The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office.  Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence.  Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion.  Furthermore, if the Court were to grant the motion, the Court—not the Government—would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance.  Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

8.     The Sentencing Guidelines.  Defendant understands that, although the Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence

report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9.      <u>Stipulation as to Factual Basis</u>.  Defendant and the U.S. Attorney's Office stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing.  On or about an unknown date in 2011, in Allegan County, Michigan, Defendant agreed with Josue Salazar, Chad Legus, and other individuals to manufacture marijuana plants for profit.  Defendant and his co-conspirators continued the marijuana grow operations, which Defendant agrees involved more than fifty (50) plants, until on or about June 11, 2015.  Other than the stipulations set forth in this paragraph, Defendant and the U.S. Attorney's Office have no agreement as to the applicable Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10.     <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:



A.      The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

B.      The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

C.      The right to confront and cross-examine witnesses against Defendant.

D.      The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E.      The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that could have been filed.

11.      <u>Waiver of Appeal and Collateral Attack</u>.

A.      <u>Waiver</u>.  In exchange for the substantial concessions given and promises made by the Government in entering this Agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

B.      <u>Exceptions</u>.  Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1)      Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2)      Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

6



3)   Defendant's guilty plea was involuntary or unknowing; or

4)   An attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

12.   <u>FOIA Requests</u>.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act (5 U.S.C. § 552), or the Privacy Act of 1974 (5 U.S.C. § 552a).

13.   <u>The Court Is Not a Party to This Agreement</u>.  Defendant understands that the Court is not a party to this Agreement, is not bound by it, and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this Agreement.  Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14.   <u>This Agreement is Limited to the Parties</u>.  This Agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This Agreement applies only to crimes committed by Defendant.



15.     <u>Consequences of Breach</u>.  If Defendant breaches any provision of this Agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this Agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this Agreement.  In the event that the United States elects to terminate this Agreement, the Agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this Agreement, as though no Agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this Agreement.

16.     <u>This Is the Complete Agreement</u>.  This Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

Dated: February _11_ , 2016

HEATH M. LYNCH
Assistant United States Attorney

8

I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Dated: February ___, 2016

ERNEST ARIAS
Defendant

I am Ernest Arias's attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

Dated: February 10, 2016

LEONARD A. SANDS    FLA BAR# 257583
SANDS & MOSKOWITZ, P.A.
Attorney for Defendant
TEL 305-285-1500